**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Heather VILLA, Defendant–Appellant.**

No. 14–50587.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 21, 2015.*

Filed Sept. 25, 2015.

Randy K. Jones, Esquire, Assistant U.S., Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John David Kirby, Law Office of John D. Kirby Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

---

MEMORANDUM **

Heather Villa appeals from the district court's judgment and challenges the 51–month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Villa contends that the district court erred by denying her request for a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). We review the district court's interpretation of the Guidelines de novo and for clear error the factual determination that a defendant is not a minor participant. *See United States v. Hurtado,* 760 F.3d 1065, 1068 (9th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 1467, 191 L.Ed.2d 412 (2015). The district court denied the reduction based on factors that have not been recognized by this court. *See id.* at 1069. Looking to the factors this court has recognized and the facts of this case, it appears that Villa may be entitled to the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A), (C); *Hurtado,* 760 F.3d at 1069. Accordingly, we vacate and remand for resentencing. Upon resentencing, the district court shall consider Villa's request for a minor role reduction in light of the factors articulated in *Hurtado.*

**VACATED and REMANDED for resentencing.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Villa's motion for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.